THE PEOPLE *v.* CALDERON.

APPEAL from the District Court of San Juan, Section 2.

No. 425.—Decided May 6, 1912.

CRIMINAL LAW—EMBEZZLEMENT—EVIDENCE—SALE OF MARE.—A person having been accused of appropriating to his own use the proceeds of the sale of a mare and it not having been proven that the accused sold said animal or ever had it in his possession the offense charged is not proven. The mere fact that the accused promised to pay $25 and actually paid it to the com-

complainant after the information had been filed against him does not show of itself and in the absence of other proofs that the accused had sold the mare and appropriated the proceeds.

The facts are stated in the opinion.

*Mr. Adrian Agosto* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court:

This prosecution was begun by a complaint in the justice's court of Toa Alta. Norbeto Rosado complained of Elías Calderón for embezzlement, alleging that on October 15, 1911, the said defendant voluntarily, maliciously, fraudulently and with criminal intent disposed of $25, the proceeds of the sale of a mare confided to him for sale in such mentioned sum.

On appeal to the District Court of San Juan, 2d Section, substantially the following testimony was given:

Norberto Rosado testified that on October 15 the defendant came to his house to do business with him concerning a mare he owned; that the defendant said to him "Come and see if you will sell me this mare," and the defendant replied (*sic*) to him "I will buy it," and the witness said to him "I sell it to you and give it to you for $25, but you must sell it within eight days;" that the defendant did not appear within eight days to turn over the account of the $25, and that he went to the defendant and said "Where is my reckoning," and the defendant replied, "Come day after to-morrow to get it"; that he went again the day after to-morrow and then he didn't have it, and he (the witness) presented a complaint at Toa Alta; that he gave the mare to him to sell in the sum of $25; that he returned neither the mare nor the $25, but on the 26th (after the complaint) he paid the reckoning. On cross-examination witness denied that he had sold the mare to defendant for $25; that the sale would have to be with another if the defendant wanted to make it; that the obligation of the defendant was to give him either $25 or the mare. A second witness of the Government gave testimony of an absolute sale to the defendant. The third witness, although

his testimony was not very lucid, gave testimony to the effect that the sale was an absolute one.   The defendant moved to dismiss the case and the court overruled the motion.

The proof was anything but clear of an entrusting of the mare to Calderón for sale to another.   Two of the three government witnesses declare the contrary and the prosecuting witness is not very definite in his statements of the conditions of the sale.   We do not think the proof was sufficient of the agency of the defendant.   The evidence has much rather the aspect of a conditional sale.

However, considering that the mare was entrusted to Calderón for the purposes of sale to another, the defendant is not charged with appropriating the mare, but with the proceeds thereof.   There was no proof that Calderón sold the mare, no proof that he did not keep the mare, and nothing to show that he does not possess her now.   The mere fact that he promised to pay $25, and after complaint actually paid such sum to the complaining witness, is perfectly consistent with a desire to comply with his contract when threatened with criminal proceeding.   The proof of the crime charged in the complaint having failed the judgment must be reversed and the prisoner discharged.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.